[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12447
Non-Argument Calendar
_____

Agency No. A206-366-254

HUSSAIN MOSHAROF,
a.k.a. Mosharof Hussain,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 28, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Mosharof Hossain,[1] a native and citizen of Bangladesh, seeks review of the BIA's denial of his motion to reopen.  He contends that the Board of Immigration Appeals ("BIA") abused its discretion by not granting his motion because it (1) failed to properly analyze the record and mischaracterized the evidence based on a prior adverse credibility finding, (2) improperly gave affidavits in support of his motion minimal weight, (3) required to him to meet a higher burden of proof by requiring him to show that the conditions in Bangladesh had "significantly worsened," and (4) abused its discretion by not finding that he was eligible for withholding of removal and CAT relief based on the newly submitted evidence.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  Our review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  *Id*. (citation and quotation marks omitted).  "Generally, [m]otions to reopen are disfavored, especially in a removal proceedings, where, as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States."  *Id*. (citation and quotation marks omitted).

---

[1] The caption for this case and many documents in the administrative record spell Hossain's last name "Hussain."  However, Hossain filed a motion with the IJ to correct the spelling and order of his name, which indicated that the correct spelling of his last name was "Hossain."  Accordingly, we use Hossain.

We are required to "inquire into our subject matter jurisdiction *sua sponte*." *Gaksakuman v. U.S. Atty. Gen.*, 767 F.3d 1164, 1168 (11th Cir. 2014).  A petition to review a removal order must be made within 30 days after the date of the final order of removal.  8 U.S.C. § 1252(b)(1).  We have held that we lack jurisdiction to review earlier trips through immigration proceedings.  *Bing Quan Lin v. U.S. Attorney General*, 881 F.3d 860, 870 (11th Cir. 2018).  In *Gaksakuman*, we held that we lacked jurisdiction to review the merits of a removal order because, although the petitioner filed a petition to review that order, the petition was subsequently dismissed and the 30-day window to file a petition for review had passed.  767 F.3d at 1168-69.

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); *Verano-Velasco v. U.S. Att'y Gen.*, 456 F.3d 1372, 1376 (11th Cir. 2006).  Motions to reopen may be granted if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. *See* 8 C.F.R. § 1003.2(c)(1).  To make such a showing, the alien "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case."  *Ali*, 443 F.3d at 813

3

(quotation omitted).  The BIA may deny a motion to reopen, if the alien fails to establish a *prima facie* case.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

To be eligible for withholding of removal under the INA, an alien must show that his "life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).

The alien has the burden of proof, and must show that he or she would more likely than not be persecuted if returned to the country of removal.  *Id.*; *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004).  The alien must also show that the persecution will be "because of" one of the five protected grounds.  *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004); *See also* INA § 208(b)(1)(B)(i); 8 U.S.C. § 1158(b)(1)(B)(i) (noting, in asylum context, that applicant must establish that a protected ground "was or will be at least one central reason for persecuting the applicant").  Evidence of private violence, or that a person would be the victim of criminal activity, "does not constitute evidence of persecution on account of a statutorily protected ground."  C*endejas Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1310 (11th Cir. 2013).

A "particular social group" denotes a group of persons "who share a common immutable characteristic that the members of the group either cannot

4

change, or should not be required to change because it is fundamental to their individual identities or consciences," and such group cannot be "too numerous or inchoate." *Id*. (quotation marks omitted). An applicant must show either that he or she would be singled out for persecution, or that there is a pattern or practice of persecuting a group of similarly situated persons on account of a protected ground and that the applicant is so identified with that group that it is more likely than not that his life or freedom would be threatened if he or she returned. 8 C.F.R. § 208.16(b)(2)(i), (ii).

To be eligible for CAT relief, the applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Id*. § 208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id*. § 208.18(a)(1). Thus, to obtain CAT relief, the applicant must demonstrate that torture would be inflicted by the government or with the government's consent or acquiescence. *Sanchez*, 392 F.3d at 438.

5

As an initial matter, to the extent that Hossain challenges the findings of the BIA's original order of removal, we lack jurisdiction to consider those claims. Although Hossain filed a petition to review that order, we dismissed it for want of prosecution in April 2018. That petition remains dismissed, and the 30-day window to file a petition has since lapsed. Accordingly, we lack jurisdiction to review the findings of the BIA in its original order of removal, specifically, Hossain's credibility.

Moreover, the BIA did not abuse its discretion when it denied Hossain's motion to reopen his application for asylum or withholding of removal, because the information he filed in support of his motion was available to him at the time of his merits hearing, and thus, the BIA did not mischaracterize the evidence or improperly give the affidavits Hossain submitted minimal weight. Furthermore, the BIA did not hold Hossain to a higher burden of proof for his motion to reopen by stating that Hossain did not establish that conditions in Bangladesh had "significantly worsened or otherwise materially changed," but rather, merely reiterated the fact that Hossain failed to present new information in support of his motion to reopen that was not previously available to him at his merits hearing. Finally, in light of Hossain's prior adverse credibility determination, which we lack jurisdiction to review, and the fact that the material that Hossain submitted in support of his motion to reopen was not new information that was previously

6

unavailable, the BIA did not abuse its discretion in finding that he failed to establish a *prima facie* case of withholding of removal or CAT relief based on new and previously unavailable information.  Accordingly, we deny the petition.

**PETITION DENIED**.